[Civ. No. 2357. Third Appellate District.—August 19, 1921.]

## CALISTOGA JOINT UNION HIGH SCHOOL DISTRICT, Petitioner, v. S. J. WEBBER, as Chairman of the Board of Supervisors, etc., Respondent.

**[1]** ELECTIONS — VOTING OF SCHOOL BONDS — DISFRANCHISEMENT OF
   CERTAIN VOTERS—RESULT UNCHANGED—REFUSAL TO SIGN BONDS.
   Where, in connection with a school bonds election, after counting
   all of the votes of the disfranchised electors against the proposi-
   tion, for which the returns show a majority, that proposition still
   has a majority, such disfranchisement cannot be considered as
   materially changing the result, or be relied on by the chairman
   of the board of supervisors as a ground for refusing to sign the
   bonds.

APPLICATION for a Writ of Mandamus to compel the
signature of an issue of bonds voted by the people of a
high school district.  Granted.

The facts are stated in the opinion of the court.

Clarence N. Riggins, District Attorney, and Wallace
Rutherford, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

FINCH, P. J.—This is an application for a writ of *man-
damus* to compel the respondent to sign an issue of bonds
voted by the people of the high school district.
   **[1]** The high school district is composed of eight ele-
mentary school districts.  One of these, named Oat Hill,

is a joint district, the larger part thereof being in Napa County and a small portion in Lake. It is shown without contradiction that but two electors, at the time of the bond election, resided in that part of Oat Hill district lying within Lake County and that neither of them voted at the election. The polling place in that district was in Napa County. The only objection made by respondent to signing the bonds is that, under the provisions of section 1, article II, of the constitution and sections 1083, 1598, and 1600 of the Political Code, the electors of Oat Hill district residing in Lake County could not legally vote at the polling place of the district in Napa County, and that therefore they were deprived of their right to vote upon the question of issuing the bonds. Whether these electors could have legally voted at such polling place need not be determined, for the reason that their votes could not have changed the result. A total of 600 votes were cast at the bond election in the high school district. Of this number 419 votes were cast in favor of issuing the bonds and 177 were cast against the issuance thereof. Where, after counting all of the votes of the disfranchised electors against the proposition for which the returns show a majority, that proposition still has a majority, such disfranchisement cannot be considered as materially changing the result. (20 C. J. 183.)

It is ordered that a peremptory writ of *mandamus* be issued by the clerk of this court directed to the respondent above named, requiring and directing him as such chairman of the board of supervisors of Napa County to sign the bonds of the said Calistoga Joint Union High School District, in accordance with the order and resolution of the board of supervisors of Napa County, made on the twelfth day of April, 1921.

Burnett, J., and Hart, J., concurred.